# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH DUANE GUSTAFSON, JR., | Case No. 19-cv -1963 (SRN/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WILLIAM BOLIN; and KEITH ELLISON, the Attorney General of the State of Minnesota, | |
| Respondents. | |

"In 2012, a jury found [petitioner] Joseph Duane Gustafson not guilty of one count of second-degree assault and guilty of racketeering, terroristic threats, kidnapping, three counts of controlled-substance offenses, two counts of ineligible person in possession of a firearm, and four counts of theft by swindle." *Gustafson v. State*, No. A17-1806, 2018 WL 3520830, at *1 (Minn. Ct. App. July 23, 2018). Gustafson now seeks, through a petition for a writ of habeas corpus, for those convictions to be vacated. The petition is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This Court concludes that Gustafson's petition is untimely and recommends dismissal on that basis.

Section 2244(d) of Title 28 provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

1

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Put another way, the limitations period for a habeas petitioner seeking to challenge a state court judgment begins from the latest of the four possible dates identified in § 2244(d)(1). A habeas petition is untimely if filed more than one year after those dates, with time during which a state-court petition for postconviction relief is pending excluded from the calculation.

Of the four possible starting dates provided by § 2244(d)(1), only the first — "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A) — is relevant

2

in Gustafson's case. Gustafson does not allege that the State of Minnesota has ever impeded his ability to seek habeas corpus relief. None of Gustafson's claims relies upon a newly recognized constitutional right. And the factual predicates of Gustafson's claims were known to him at the time of his trial — that is, *before* his conviction became final.[1]

Accordingly, Gustafson's one-year limitations window for filing a federal habeas petition began on the date that the judgment of conviction became final. The Minnesota Supreme Court declined review of Gustafson's case on September 15, 2015. *See State v. Gustafson*, No. A14-1098 (Minn. 2015) (denial of petition for review). Gustafson then had 90 days in which to seek review from the Supreme Court of the United States. The judgment of conviction thus became final on December 14, 2015, when that deadline expired without Gustafson having filed a petition for a writ of certiorari, *see Jihad v. Hvass*, 267 F.3d 803, 804-05 (8th Cir. 2001), and the one-year limitations window began running on that date. Gustafson did not file a petition for postconviction review in state court until May 18, 2017, by which time more than a year had already passed. *See*

---

[1] Gustafson contends in his briefing that the "[n]ewly discovered evidence doctrine exception" applies to his habeas petition, (Dkt. 1 at 16) which this Court interprets as an argument that § 2244(d)(1)(D) governs the limitations period for the claims in Gustafson's petition. But none of the claims turns on facts or evidence unknown to Gustafson at the time of his direct appeal at the very latest. Grounds One and Two of the petition concern the adequacy of the performance of Gustafson's trial counsel (*id.* at 6-9) — something that would have been known to Gustafson at the time of his trial. Similarly, Ground Five concerns the adequacy of the performance of Gustafson's appellate counsel (*id.* at 13-14) — something that would have been known to Gustafson at the time of his direct appeal. Ground Three concerns the presentation of evidence that Gustafson believes to have been false, while Ground Four concerns the "11 ½ hour" delivery prior to trial of discovery materials from the prosecution to the defense. (*Id.* at 10-12.) Again, none of this would have been unknown to Gustafson during the original appellate proceedings.

*Gustafson v. State*, 2018 WL 3520830, at *1. For good measure, nearly another ten months passed between the conclusion of those state-court postconviction proceedings and the filing of Gustafson's habeas petition. In short, Gustafson's petition plainly was filed outside of the limitations period established by § 2244(d).

Gustafson does not contend, at least expressly, that his petition falls within the limitations period established by § 2244(d). Instead, Gustafson argues, citing *McQuiggin v. Perkins*, that he should be excused from the timeliness requirement on account of his actual innocence of the offenses for which he was convicted. (Dkt. 3 at 49-52. In *McQuiggin*, the U.S. Supreme Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." 569 U.S. 383, 386 (2013). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Gustafson has not made a sufficient showing of actual innocence. Some of the factors that Gustafson cites as establishing his innocence — such as, for example, that one witness was compelled to testify under a grant of immunity — are unrelated to the question of whether Gustafson committed the crimes for which he was convicted; nothing about a witness being compelled to testify suggests anything, one way or another, regarding Gustafson's guilt. Most of the remainder of Gustafson's actual-innocence argument amounts to speculation that, had his trial counsel performed a more exacting

4

investigation, and had the witnesses further investigated by counsel been called to testify on his behalf, their testimony would have tended to support a verdict that he was not guilty of the offenses for which he was convicted.  (*See* Dkt. 3 at 50-52.)  But this is a long way from showing, even as a threshold matter, that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 329.

The most substantial argument in Gustafson's favor is that regarding a recording that he alleges was altered by law enforcement to further incriminate him.  (*See* Dkt. 3 at 24, 35-39.)  Gustafson is light on specifics, however—the Minnesota Court of Appeals, reviewing similar allegations by Gustafson on direct appeal, noted that "Gustafson provides no specifics to support these general assertions," *State v. Gustafson*, A12-1293, 2013 WL 4404241, at *7 (Minn. Ct. App. Aug. 19, 2013)—and this Court is similarly left confused as to both how, precisely, the recording was false and the extent to which the recording was determinative of the jury's finding with respect to the count of conviction to which it pertained.  Gustafson carries the burden of making a sufficient showing of actual innocence to overcome the ordinary statutory timeliness restrictions, *see e.g.*, *Doe v. Jones*, 762 F.3d 1174, 1183 (10th Cir. 2014); he has failed to do so here.

Accordingly, it is recommended that this matter be dismissed as untimely.  Three loose ends remain to be tied:

First, respondent Keith Ellison seeks dismissal from this action due to being improperly named as a respondent.  (*See* Dkt. 6.)  Ellison is correct that the proper respondent to a habeas corpus proceeding is the official who has immediate custody of

5

the prisoner — "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Ellison, as Attorney General of the State of Minnesota, is not a proper respondent to this action. Because Gustafson's petition is recommended for dismissal on account of untimeliness, Ellison's motion to dismiss is largely redundant. Nevertheless, because Ellison is also entitled to dismissal on account of having been improperly named to the proceeding, it is recommended that his motion to dismiss be granted.[2]

Second, Gustafson seeks additional discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases. (*See* Dkt. 2.) None of the evidence sought by Gustafson relates to the issue of the timeliness of his habeas petition, which is determinative. It is therefore recommended that the motion be denied.

Third, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing in this context, Gustafson must show "that jurists of reason would find it debatable whether the district court was correct in its procedural

---

[2] Gustafson objects to Ellison's dismissal from the action on the grounds that the constitutionality of a state statute is potentially at issue in these habeas proceedings. (*See* Dkt. 12.) The question is largely academic — again, the petition is untimely, and *any* respondent is entitled to dismissal on that ground — but the point remains that the warden of the facility where Gustafson is incarcerated is the proper respondent to the litigation.

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court concludes that it is unlikely any other court, including the Eighth Circuit, would reach a conclusion contrary to that reached above. Accordingly, it is recommended that a COA not be issued in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Joseph Duane Gustafson, Jr. (Dkt. 1) be **DISMISSED** as untimely.

2. The motion to dismiss of respondent Keith Ellison (Dkt. 6) be **GRANTED**.

3. Gustafson's motion for discovery (Dkt. 2) be **DENIED**.

4. Gustafson's motion for assertion of Minnesota Rule 144 (Dkt. 12) be **DENIED**.

5. No certificate of appealability be issued.

Dated: September 18, 2019         *s/Elizabeth Cowan Wright*
                                  ELIZABETH COWAN WRIGHT
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

7

objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).